UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOAN KRAWCHENKO,

          Plaintiff,

vs.                          Case No. 2:11-cv-409-FtM-29DNF

RAYMOND JAMES FINANCIAL SERVICES, INC.,

          Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss Complaint and Supporting Memorandum of Law (Doc. #14) filed on August 11, 2011. Plaintiff filed a Response (Doc. #19) on August 25, 2011. Defendant contends that the Complaint constitutes an impermissible shotgun pleading and that all of plaintiff's claims are time-barred. Alternatively, defendant seeks dismissal of the Complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6).

**I.**

Plaintiff alleges the following material facts in the Complaint: Plaintiff, Joan Krawchenko (plaintiff or Mrs. Krawchenko) is a 73 year old resident of Jefferson County, New York. On a visit to Naples, Florida sometime in the 1990s, she heard about Richard Vandenberg (Vandenberg), a stockbroker at Northern Trust Company. (Doc. #1, ¶21.) After meeting him, she opened an account at Northern Trust. In June of 1999, Vandenberg

left Northern Trust and joined Raymond James Financial Services, Inc. (defendant or RJFS). He then began soliciting customers, including Mrs. Krawchenko, to move their accounts to RJFS. As a result, Mrs. Krawchenko eventually opened an account valued at $350,000.00 with Vandenberg at RJFS. She informed Vandenberg that she was interested in moderate growth with medium risk. She alleges that Vandenberg assured her that he understood her investment objectives and would handle her account accordingly. (Id., ¶¶ 21-23.)

Mrs. Krawchenko lived in New York and seldom spoke with Vandenberg, but did get his periodic "Trendline" reports. Vandenberg chose all her investments and decided whether and when to make changes to the holdings in Plaintiff's account.[1] He chose to allocate the majority of her investments in technology equities. According to the Complaint, Mrs. Krawchenko had limited understanding of investments and no understanding of the consequences of allocating her investments almost completely in technology equities. (Id., ¶ 12.) Over the next three years, Mrs. Krawchenko's account dropped in value. Vandenberg advised her through his reports and other articles that everyone was losing

---

[1]Plaintiff's allegations in this regard are unclear. In paragraph 12 of the Complaint, plaintiff asserts that Vandenberg controlled her account and chose "whether and when to make changes to her holdings," but in paragraph 18 she states that Vandenberg obtained her consent prior to making changes in her holdings.

money in the market at the time and that her account would recover. (Id., ¶ 26.)

By the end of August 2002, plaintiff's account had dropped in value to approximately $126,000. Vandenberg then advised his clients that he was leaving RJFS. In October 2002, he sold his book of business to James Overman, a broker with Raymond James & Associates, Inc., an affiliate of RJFS. As a result of this sale, plaintiff's account was transferred to Overman, with whom it remained until May 2004, when plaintiff closed her account. (Id., ¶¶ 27-29.)

Plaintiff alleges that she recently learned that many of Vandenberg's customers were bringing claims against RJFS for their losses. (Id., ¶ 2.) She states that Vandenberg concentrated her portfolio in a manner which was inappropriate for a woman of her age and investment objectives. (Id., ¶ 25.) She also alleges that RJFS stated in its literature that it "advocated a fairly cautious posture throughout most of 2000," and that this statement was contrary to the actions Vandenberg took with respect to her account. Plaintiff further alleges that Vandenberg misrepresented his investment strategies and ignored RJFS's research and the advice of experts within the brokerage firm. (Id., ¶¶ 36, 39-41.) Although the decline in her portfolio occurred between 1999 and 2002, plaintiff filed this suit on June 23, 2011.

**II.**

As an initial matter, the Court finds that the Complaint is an impermissible shotgun pleading. "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts [] contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002); see also Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001). Plaintiff will be required to replead each of her claims and to specify which factual allegations are relevant to each count.[2]

Second, defendant raises the statute of limitations as a defense and argues that all of plaintiff's claims are time-barred. A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Plaintiff alleges claims for Negligence (Count One), Breach of Fiduciary Duty (Count Two),

---

[2] See also Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc., 162 F.3d 1290, 1333 (11th Cir. 1998)("These types of cases invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief. The general allegations are incorporated by reference into each count of the complaint; the complaint is followed by an answer that responds to each and every statement. If the trial judge does not quickly demand repleader, all is lost-extended and largely aimless discovery will commence, and the trial court will soon be drowned in an uncharted sea of depositions, interrogatories, and affidavits.").

Common Law Fraud (Count Three), and Failure of Supervision (Count Four).  All of plaintiff's claims are governed by a four-year statute of limitations.  See Fla. Stat. § 95.11(3).  A cause of action accrues when the last element constituting the cause of action occurs.  Fla. Stat. § 95.031.  The last element of each of these claims is "injury."  Based upon the face of the Complaint, plaintiff's injury accrued in August 2002. (Doc. #1, ¶ 27.)  Thus, each of her claims appear to be time-barred as of August 2006.

It is possible that plaintiff's claims did not accrue in August, 2002, under the "delayed discovery" doctrine.  "The 'delayed discovery' doctrine generally provides that a cause of action does not accrue until the plaintiff either knows or reasonably should know of the tortious act giving rise to the cause of action."  Patten v. Winderman, 965 So. 2d 1222, 1224 (Fla. 4th DCA 2007)(quoting Hearndon v. Graham, 767 So. 2d 1179, 1184 (Fla. 2000)).  Because plaintiff must replead, the Court need not decide whether her statements that she "recently learned that many of Vandenberg's customers were bringing claims against RJFS for their losses," (Id., ¶ 2), and that she is an unsophisticated investor are sufficient to invoke the delayed discovery doctrine.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss Complaint (Doc. #14) is **GRANTED,** and the Complaint (Doc. #1) is dismissed without prejudice.

2. Plaintiff may file an amended complaint, which shall be filed **WITHIN TWENTY ONE (21) DAYS** of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __27th__ day of March, 2012.

                                                    JOHN E. STEELE
                                                    United States District Judge

Copies:
Counsel of record