```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

JOAN KRAWCHENKO,

                Plaintiff,

vs.                                       Case No.   2:11-cv-409-FtM-29DNF

RAYMOND JAMES FINANCIAL SERVICES, INC.,

                Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss Amended Complaint (Doc. #29) filed on April 30, 2012. Plaintiff filed an Opposition (Doc. #31) on May 14, 2012. For the reasons set forth below, the motion is granted in part.

**I.**

Plaintiff alleges the following material facts in the Complaint: Plaintiff, Joan Krawchenko is a resident of Jefferson County, New York.[1] (Doc. #27, ¶ 7.) While a seasonal resident of Naples, Florida, sometime in the late 1990s, plaintiff opened a Northern Trust investment account under Richard Vandenberg's (Vandenberg) management. (Id., ¶ 8.) In the summer of 1999, Vandenberg left Northern Trust and joined Raymond James Financial Services, Inc. (defendant or RJFS). (Id., ¶ 9.) Plaintiff agreed

---

[1] The Court has previously held that subject matter jurisdiction is adequately pled based upon the additional jurisdictional facts provided in the Supplement to Notice of Removal (Doc. #22). (Doc. #25.)

to have her account transferred and as a result, she opened an account valued at $350,000.00 with Vandenberg at RJFS. (Id.) She informed Vandenberg that she was interested in moderate growth with medium risk. (Id., ¶ 10.) She alleges that Vandenberg assured her that he understood her investment objectives and would handle her account accordingly. (Id., ¶ 11.)

Plaintiff lived in New York and seldom spoke with Vandenberg, but did get his periodic "Trendline" reports. (Id., ¶ 12.) All the investments in plaintiff's account were recommended by Vandenberg and plaintiff acquiesced to all of Vandenberg's recommendations. (Id., ¶ 14.) He chose to invest the majority of her investments in technology equities. (Id., ¶ 15.)

Plaintiff alleges that these transactions failed to comport with plaintiff's objectives and tolerance for risk, ran contrary to Raymond James' policies for investors such as plaintiff, and in making his recommendations, Vandenberg failed to disclose material facts concerning the investments and his investment strategy. (Id., ¶¶ 13, 15, 16.)

By the end of August 2002, plaintiff's account had dropped in value to approximately $126,000. (Id., ¶ 20.) Vandenberg then advised his clients that he was leaving RJFS. (Id.) When Vandenberg left, plaintiff's account was transferred to James Overman, a broker with Raymond James & Associates, Inc., an affiliate of RJFS, without plaintiff's knowledge or consent. (Id.,

¶ 21.)  Plaintiff continued to maintain her account with Overman until May 2004, when plaintiff closed her account.  (Id., ¶ 22.)

Plaintiff alleges that she only learned of Vandenberg's misconduct in October 2010, when she returned to Naples and learned that many of Vandenberg's customers were bringing claims against RJFS for their losses.  (Id., ¶ 24.)

## II.

RJFS seeks dismissal of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. #29.)  Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555.  See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This is "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551

U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

As an initial matter, defendant argues and plaintiff acknowledges that each count in the Amended Complaint fails to incorporate the factual allegations from the Amended Complaint's "Introduction." (Doc. #29, pp. 5-6; Doc. #31, pp. 3-4.) Plaintiff proposes to file an amendment inserting the appropriate references. (Doc. #31, p. 3.) Plaintiff will be required to replead each of her claims and to specify which factual allegations are relevant to each count; however, for purposes of this Opinion and Order, the Court will assume that the references as stated in plaintiff's Opposition are included in the Amended Complaint.

**A.   Statute of Limitations**

Defendant raises the statute of limitations as a defense and argues that all of plaintiff's claims are time-barred. A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Plaintiff alleges claims for Fraud (Count One), Negligence (Count Two), Breach of Fiduciary Duty (Count Three), and Negligent Failure of Supervision (Count Four). All of plaintiff's claims are governed by a four-year statute of limitations. See Fla. Stat. § 95.11(3). A cause of action accrues when the last element constituting the cause of action occurs. Fla. Stat. § 95.031. However, if the "delayed discovery" doctrine applies to a cause of action, "[the] cause of action does not accrue until the plaintiff either knows or reasonably should know of the tortious act giving rise to the cause of action." Patten v. Winderman, 965 So. 2d 1222, 1224 (Fla. 4th DCA 2007)(quoting Hearndon v. Graham, 767 So. 2d 1179, 1184 (Fla. 2000)).

As for Count One, the parties agree that the "delayed discovery" doctrine applies to fraud claims. The parties disagree, however, on whether plaintiff knew or should have known of the fraud alleged in this case. Plaintiff alleges that she "did not discover, and in the exercise of due diligence could not have discovered, Vandenberg's misconduct until she returned to Naples in

October of 2010." (Doc. #27, ¶ 24.) Defendant argues that plaintiff was on inquiry notice of the facts underlying her fraud claim because she received Vandenberg's "Trendline" reports and by August 2002, her portfolio substantially declined in value. (Doc. #29, p. 18.) Based on what is apparent on the face of the Amended Complaint, defendant has not demonstrated that the fraud claim is time-barred.

As for Counts Two and Four, the elements necessary to sustain a negligence claim are:

> 1. A duty, or obligation, recognized by the law, requiring the [defendant] to conform to a certain standard of conduct, for the protection of others against unreasonable risks.
>
> 2. A failure on the [defendant's] part to conform to the standard required: a breach of the duty....
>
> 3. A reasonably close causal connection between the conduct and the resulting injury. This is what is commonly known as "legal cause," or "proximate cause," and which includes the notion of cause in fact.
>
> 4. Actual loss or damage....

Curd v. Mosaic Fertilizer, LLC, 39 So. 3d 1216, 1227 (Fla. 2010)(quoting Clay Elec. Coop., Inc. v. Johnson, 873 So. 2d 1182, 1185 (Fla. 2003)). Based upon the face of the Amended Complaint, the loss could not have occurred after May 2004. (Doc. #27, ¶ 22.) Additionally, the "delayed discovery" doctrine is not available because there is no statutory basis to apply the doctrine in negligence actions. Davis v. Monahan, 832 So. 2d 708, 710 (Fla.

2002)("Aside from the . . . delayed accrual of a cause of action in cases of fraud, products liability, professional and medical malpractice, and intentional torts based on abuse, there is no other statutory basis for the delayed discovery rule."). See also Raie v. Cheminova, Inc., 336 F.3d 1278 (11th Cir. 2003). Therefore, Counts Two and Four were time-barred as of May 2008 and must be dismissed.

As for Count Three, "[t]he elements of a claim for breach of fiduciary duty are: the existence of a fiduciary duty, and the breach of that duty such that it is the proximate cause of the plaintiff's damages." Patten, 965 So. 2d at 1224 (quoting Gracey v. Eaker, 837 So. 2d 348, 353 (Fla. 2002)). Based upon the face of the Amended Complaint, the breach could not have occurred after May 2004. (Doc. #27, ¶ 22.) The "delayed discovery" doctrine is also not available for breach of fiduciary duty claims. Id. at 1224-25 (citing Davis, 832 So. 2d 708). Therefore, Count Three was time-barred as of May 2008 and must be dismissed.[2]

---

[2] Plaintiff also argues that the breach of fiduciary duty and negligence claims were tolled because "Vandenberg's misrepresentation that Plaintiff's losses were consistent with those of other investors, at the time they were incurred, constituted fraudulent concealment." (Doc. #31, p. 18.) "Fraudulent concealment requires the defendants to engage in the willful concealment of the cause of action using fraudulent means to achieve that concealment." Raie, 336 F.3d 1278, 1282 n. 1 (citing Berisford v. Jack Eckerd Corp., 667 So. 2d 809 (Fla. 4th DCA 1995)). Because the allegation of Vandenberg's misrepresentation is missing from the negligence and breach of fiduciary duty counts, this argument also fails.

**B.    Heightened Pleading Standard of Fed. R. Civ. P. 9(b)**

Defendant also seeks to dismiss Count One because plaintiff fails to sufficiently plead the elements of fraud and fails to comply with the heightened pleading standard of Fed. R. Civ. P. 9(b).  The "essential elements" of common law fraud under Florida law are: (1) a false statement of fact; (2) known by the person making the statement to be false at the time it was made; (3) made for the purpose of inducing another to act in reliance thereon; (4) action by the other person in reliance on the correctness of the statement; and (5) resulting damage to the other person.  Gandy v. Trans World Computer Tech. Grp., 787 So. 2d 116, 118 (Fla. 2d DCA 2001); see also Tucker v. Mariani, 655 So. 2d 221, 225 (Fla. 1st DCA 1995).  Fed. R. Civ. P. 9(b) requires fraud allegations to be plead "with particularity."  "In a complaint subject to Rule 9(b)'s particularity requirement, plaintiffs retain the dual burden of providing sufficient particularity as to the fraud while maintaining a sense of brevity and clarity in the drafting of the claim, in accord with Rule 8."  Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1278 (11th Cir. 2006).  "Particularity means that a plaintiff must plead facts as to time, place and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them."  United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1357 (11th Cir. 2006)(internal quotation marks and

citations omitted). See also Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001)(citation omitted); Garfield v. NDC Health Corp., 466 F.3d 1255, 1262 (11th Cir. 2006). "This means the who, what, when [,] where, and how: the first paragraph of any newspaper story." Garfield, 466 F.3d at 1262 (citations omitted). "Failure to satisfy Rule 9(b) is a ground for dismissal of a complaint." Corsello v. Lincare, Inc., 428 F.3d 1008, 1012 (11th Cir. 2005), cert. denied, 549 U.S. 810 (2006).

Here, plaintiff alleges that at the time plaintiff opened her account at RJFS: (1) Vandenberg represented to her that he would invest her money in investments which would meet her needs and objectives and understood that she was relying upon him for recommendations; (2) the representations were knowingly false because Vandenberg was using a "one size fits all" approach to investing for his clients; and (3) she relied on his assurances as to the appropriateness of the investment strategy to her "ultimate damage." (Doc. #27, ¶¶ 27-31.) Plaintiff also alleges that Vandenberg fraudulently failed to disclose material facts despite having a duty to make such disclosures. (Id., ¶¶ 32-44.)

Assuming that plaintiff inserts the reference to the factual allegations as proposed in her Opposition, plaintiff has just sufficiently pled the "what, how, and when" of the alleged fraud. Reliance and damages are also plausible under the facts set forth in the Amended Complaint. Therefore, the Court will not dismiss

Count One. The Court will provide plaintiff with the opportunity to amend her complaint to incorporate the factual allegations into Count One and other revisions plaintiff deems necessary.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion to Dismiss Amended Complaint (Doc. #29) is **GRANTED as to Counts Two, Three, and Four,** which are dismissed without prejudice.

2. Plaintiff may file a Second Amended Complaint, which shall be filed **WITHIN TWENTY ONE (21) DAYS** of the date of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>8th</u> day of February, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record